IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIONEL NAVARRO, | No. CIV S-06-1531-CMK-P |
| Petitioner, | |
| vs. | ORDER |
| ROBERT AYERS, | |
| Respondent. | |

Petitioner, a state prisoner proceeding with appointed counsel, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the denial of parole. This case is before the undersigned for all purposes pursuant to the consent of the parties.

On January 3, 2008, the Ninth Circuit Court of Appeals decided Hayward v. Marshall, 512 F.3d 536 (9th Cir. Jan. 3, 2008). In Hayward, the petitioner had been twice granted a parole date by the California Board of Prison Terms ("Board"). See id. at 538. The governor, however, reversed the decision both times, concluding that the petitioner was not suitable for parole. See id. In his federal habeas corpus petition challenging the most recent denial of parole, the petitioner argued that the denial had violated his due process rights. See id. at 541-42. The district court denied the petition. See id. at 541.

The Ninth Circuit began its analysis by restating its holding from <u>Sass v. California Board of Prison Terms</u>, that California state prisoners have a constitutionally protected liberty interest in parole. <u>See</u> <u>id.</u> at 542 (citing 461 F.3d 1123, 1127-28 (9th Cir. 2006)). Specifically, under California Penal Code § 3041(b) and California Code of Regulations, Title 15, § 2402(a), once the inmate has served the minimum term required, the Board shall set a release date unless release currently poses an unreasonable risk of danger to society. <u>See</u> <u>Hayward</u>, 512 F.3d at 542, 543. The court next observed that, under California law, in deciding whether to reverse the Board's grant of parole, the governor must consider the same factors the Board is required to consider in the first instance. <u>See</u> <u>id.</u> (citing <u>In re Rosenkrantz</u>, 29 Cal.4th 616 (2002)).

In determining whether the state has provided the necessary due process safeguards with respect to parole decisions, the relevant consideration is whether the decision to deny parole is supported by "some evidence" in the record, or is otherwise arbitrary. <u>See</u> <u>Hayward</u>, 512 F.3d at 542 (citing <u>Irons v. Carey</u>, 505 F.3d 846, 851 (9th Cir. 2007), and <u>Superintendent v. Hill</u>, 472 U.S. 445, 457 (1985)). The Ninth Circuit held that application of this test in the context of California's parole scheme requires that there be some evidence in the record supporting the conclusion that the prisoner's current release would pose an unreasonable risk of danger to society. <u>See</u> <u>Hayward</u>, 512 F.3d at 543. The court noted that, even though there may be some evidence that a particular unsuitability factor exists, this does not necessarily mean that there is some evidence of the inmate's current danger to the community if released. <u>See</u> <u>id.</u> Applying this standard to the facts of Hayward's case, the Ninth Circuit concluded that "no evidence in the record supports a determination that Hayward's release would unreasonably endanger public safety." <u>See</u> <u>id.</u> at 544.

In particular, the court discussed the reliance on unchanging factors, such as the facts of the petitioner's commitment offense, in denying parole. <u>See</u> <u>id.</u> at 545 (citing <u>Biggs v. Terhune</u>, 334 F.3d 910, 916 (9th Cir. 2003), and <u>Irons</u>, 505 F.3d at 854). The court stated: "It

1 can hardly be doubted that time may attenuate the taint of certain prior misconduct, and this is
2 particularly true as applied to consideration of Hayward's misconduct. . . ," especially in light of
3 evidence of Hayward's rehabilitation while in prison and plans upon release. Id. at 545. The
4 court reversed the district court's denial of habeas relief and concluded that the state had violated
5 Hayward's due process rights in denying parole. See id. at 548.

6       The court is aware that the Attorney General in other cases has argued that
7 Hayward is not binding in this § 2254 proceeding for one or both of the following reasons:  (1) it
8 does not represent clearly established U.S. Supreme Court precedent; and/or (2) it is not final
9 because a petition for rehearing is pending in the Ninth Circuit.  In submitting further briefing,
10 respondent is asked to assume that this court may rely on Hayward and discuss the facts of this
11 case as they relate to the "some evidence" standard as explained in Hayward.  In doing so, the
12 court will not construe respondent's submission as constituting any kind of waiver of arguments
13 that Hayward is not binding precedent.  The court merely seeks respondent's input on the merits
14 of this case in light of Hayward in the event it ultimately concludes that it is binding.

15       The parties are hereby requested to address the applicability of Hayward to the
16 instant petition.  Within thirty days of the date of this order, each party may file a brief discussing
17 the effect, if any, Hayward should have on the disposition of petitioner's case.

18       IT IS SO ORDERED.

20  DATED: March 24, 2008

22                                                     CRAIG M. KELLISON
                                                    UNITED STATES MAGISTRATE JUDGE